```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
DONALD W. ADAMS,                                        :
                        Plaintiff,                      :
                                                        :        OPINION AND ORDER
v.                                                      :
                                                        :        15 CV 7098 (VB)
STRYKER ORTHOPAEDICS and                                :
HOWMEDICA OSTEONICS CORP.,                              :
                        Defendants.                     :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Donald Adams bring this products liability action against Stryker Orthopaedics and Howmedica Osteonics Corp.[1] for injuries he allegedly sustained from a metal plate placed in his leg during surgery. Defendants move to dismiss the amended complaint. (Doc. #15).

For the following reasons, the motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## BACKGROUND

For purposes of deciding the pending motion, the Court accepts as true all well-pleaded allegations in the complaint and draws all reasonable inferences in plaintiff's favor.

On or about August 24, 2013, plaintiff had leg surgery. Plaintiff alleges the surgery "involv[ed] irrigation of the inside out wound, and the leg was grossly aligned and anatomically reduced under x-ray guidance." (Am. Compl. ¶ 4).

On or about September 19, 2013, plaintiff again had leg surgery "for final placement in his leg of a medical device/hardware component." (Am. Compl. ¶ 5). Plaintiff alleges the

---

[1]  Plaintiff's amended complaint alleges "Howmedica Osteonics Corp." is a subsidiary of "Stryker Orthopaedics." Although defendants assert "Howmedica Osteonics Corp." has done business as "Stryker Orthopaedics" and the two defendants are not independent entities (Def.'s Br. at 1, n.1), the Court will refer to defendants in the plural, as plaintiff has pleaded.

1

"medical device/hardware component" was "manufactured and/or distributed by defendant(s)." (Id.).

On or about December 1, 2013, plaintiff alleges "the metal plate located in plaintiff's right leg . . . broke through no fault of plaintiff." (Am. Compl. ¶¶ 6-7).[2] Plaintiff contends "[a]t the time that the Medical Device broke the bone and arthritis had already grown around the Medical Device so that plaintiff's leg is, among other things, out of alignment and unable to properly function." (Id. at ¶ 8). Plaintiff alleges he has experienced "extreme pain, discomfort and limited mobility" as a result. (Id. at ¶ 9).

Plaintiff initially commenced this action in Supreme Court, Dutchess County. Defendants removed the action to this Court and thereafter moved to dismiss for failure to state a claim. (Doc. #7).

After the Court sua sponte granted plaintiff leave to file an amended complaint to address the asserted deficiencies in the complaint (Doc. #10), plaintiff filed an amended complaint, alleging causes of action for negligence, strict liability, and breaches of implied and express warranties. (Doc. #13). Defendants then moved to dismiss the amended complaint. (Doc. #15).

### DISCUSSION

I.   Legal Standard

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals

---

[2]   The amended complaint is ambiguous as to whether the "metal plate" is part of, or the same thing as, the "medical device/hardware component," and what purpose the metal plate served. (Am. Compl. ¶¶ 5-6). In his opposition, plaintiff clarifies the device is the metal plate and was "surgically implanted into plaintiff's right leg . . . to stabilize and straighten" the leg after plaintiff fractured it. (Pl.'s Opp. at 1).

2

of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.

II.     Defect Necessary for All Claims

Defendants argue plaintiff failed to state a claim for negligence, strict liability, and breaches of implied and express warranties because plaintiff did not allege any facts as to how the device, or the device's warnings, were defective.

The Court agrees.

All of plaintiff's claims require the existence of a defect – in either the product itself, or in defendants' warnings about the product.[3]  See Rodman v. Stryker Sales Corp., 2014 WL 5002095, at *1 (S.D.N.Y. Oct. 7, 2014), aff'd, 604 F. App'x 81 (2d Cir. 2015) (summary order); Goldin v. Smith & Nephew, Inc., 2013 WL 1759575, at *2-6 (S.D.N.Y. Apr. 24, 2013).

---

[3]     The parties agree New York law applies to the claims in this case.  (See, e.g., Def.'s Mot. at 7; Pl.'s Opp. at 3).

3

Plaintiff argues he has adequately pleaded the existence of a defect in the metal plate by simply stating the metal plate broke through no fault of his own. (Pl.'s Opp. at 5) ("The Device has failed, through no fault of Plaintiff, and is, therefore, defective.").

Although a plaintiff is not required to allege a specific, technical defect in a medical device's manufacturing or workmanship to survive a motion to dismiss, see Williamson v. Stryker Corp., 2013 WL 3833081, at *4 (S.D.N.Y. July 23, 2013); Goldin v. Smith & Nephew, Inc., 2013 WL 1759575, at *2 (S.D.N.Y. Apr. 24, 2013), plaintiff here has not pleaded even a single fact that could put defendants on notice of how the metal plate, or its warnings, were defective.

In Rodman v. Stryker Sales Corporation, the Second Circuit recently upheld the district court's dismissal of an amended complaint that alleged the plaintiff's hip implant was defective. 604 F. App'x at 81 (summary order). The plaintiff in Rodman brought the same claims as plaintiff here, alleging the hip implant's defect was due to "the application of the Hydroxyapatite coating." Rodman v. Stryker Sales Corp., 2014 WL 5002095, at *2. The Second Circuit held the plaintiff failed to state a claim because "he never identified how this problem rendered the product defective, whether it affected his individual hip replacement, or how it caused his alleged injuries." Rodman v. Stryker Sales Corp., F. App'x at 82 (summary order).

Here, plaintiff's amended complaint suffers from similar deficiencies as the amended complaint in Rodman. Indeed, plaintiff's pleading is even more deficient than in Rodman, because there, the plaintiff alleged the source of the medical device's defect was its coating. In the instant case, plaintiff fails to allege (i) a problem with the metal plate that may have rendered it defective, (ii) whether a defect affected his individual metal plate, or (iii) how a defect caused his injuries. Even without scientific or technical knowledge, it is possible plaintiff could have

plausibly alleged the inference of a defect – and therefore put defendants on notice of the defect – by alleging what he was doing when the device broke, or how he confirmed the device broke. See, e.g., Williamson v. Stryker Corp., 2013 WL 3833081, at *5 (denying motion to dismiss plaintiffs' claims to the extent they rely on a theory of manufacturing defect when plaintiffs "alleged sufficient facts to state a claim based on the circumstances surrounding the breaks of the two knee devices" and alleged the result of "[x]-rays taken at the time of both breaks").

Instead, plaintiff's amended complaint merely states the elements of a prima facie case for each cause of action and alleges the device was defective because it "broke through no fault of plaintiff." This is precisely the sort of "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements," that is insufficient to withstand a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. at 678.

## CONCLUSION

Defendants' motion to dismiss is GRANTED. The amended complaint is dismissed.

The Clerk is instructed to terminate the motion (Doc. #15) and close this case.

Dated: May 23, 2016
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

5